UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

MIGUEL ANGEL SANTOS,

    Defendant.

No: 1:14-CR-220-02

Hon. Robert J. Jonker
Chief U.S. District Judge

_____

**SUPPLEMENTAL SENTENCING MEMORANDUM
PRESENTENCE INVESTIGATION REPORT SCORING OBJECTIONS**

_____

    Mr. Santos' prior Attorney, Mr. Damien Nunzio, submitted a Sentencing Memorandum dated September 11, 2015. This Memorandum is meant to supplement that document, not to replace it.

<u>SCORING OBJECTIONS</u>

    Paragraph 38 of the Presentence Investigation Report scores the Defendant for a base offense level of 32. This is based on drug quantities of 933.0 grams of fentanyl and 1.8 kilograms of heroin. Defendant does not object to the use of 933.0 grams of Fentanyl because that is the quantity that was obtained for the arrest of Mr. Santos. However, there is no known independent source for adding the 1.8 kilograms of Heroin to the calculation.

    The quantity delivered in this case on November 26, 2014 was 933.3 grams of Fentanyl by Co-defendant Ms. Pacheco-Velez. (Paragraph 17). Paragraphs 18 through 27 are Ms. Pacheco-

1

Velez's description of events that led to the ultimate delivery. She describes three trips to New York that all involve the same drugs being brought from New York and then returned to New York and then again being brought back here before the final delivery was made on November 26, 2014. It is clear from her proffered information that she had no knowledge as to how much or even what drug she was transporting. All she knew was that she was apparently taking the same drugs (originally believed to be Cocaine, then thought to be Heroin, which turned out to be Fentanyl) back and forth from New York. She wasn't aware of the quantity and wouldn't have thought it was anything different than what was ultimately seize from the November 26, 2014 delivery. Paragraph 30 seems to say that any information used regarding quantity other than what was obtained from that November 26 delivery should be proffer protected.

As a result of the argument presented above, Defendant submits that he should only be scored for 933.3 grams of Fentanyl which scores at level 30 in the guidelines.

Mr. Santos' other objection is the scoring in Paragraph 41 as a manager or supervisor in a criminal activity that involves five or more participants or is otherwise extensive. To begin with, it seems very obvious that this is not an extensive operation. So the question becomes if Mr. Santos is a manager or supervisor of an activity involving five or more participant.

The information in the Presentence Investigation Report is not very helpful in determining the number of participants. The Court can see that there is Ms. Pacheco-Velez's involvement. She also states that they originally obtained the substance from an "unknown" Hispanic male on the first trip. On the November 14 trip, Ms. Pacheco-Velez indicates that a Mr. Claudio Hernandez apparently took possession of the drugs for a short period of time. (Paragraph 23). She then says she turns the drugs over to an "unknown" Hispanic male. (Paragraph 23) When she returns on the

2

third trip she retrieves the drugs from the Hispanic male and ends up returning to Grand Rapids where the drugs are sold to the under cover team.

Defendant submits that a fair scoring of his aggravating role would not exceed 2 points. It is clear that Mr. Santos was in a leadership role as it pertains to Ms. Pacheco-Velez. After that it is unclear what role he played with the other individuals mentioned in Ms. Pacheco-Velez's proffer. There are only three named individuals who apparently took part in these transactions, Mr. Santos, Ms. Pacheco-Velez and Mr. Claudio Hernandez. Other than those individuals the Court is left to speculate about other 'unknown' Hispanic males and if those "unknown" males are all the same person.

Defendant asks this Court to look at the reason for this adjustment found in the background statement for Section 3B1.1 which states: "This adjustment is included primarily because of concerns about relative responsibility. However, it is also likely that persons who exercise a supervisory or managerial role in the commission of an offense tend to profit more from it and present a greater danger to the public and/or are more likely to recidivate. The Commission's intent is that this adjustment should increase with both the size of the organization and the degree of the defendant's responsibility." Relating the concerns of the Commission to the case at hand should provide this Court with plenty of reason to score no more than two points for Mr. Santos' aggravating role. In the first place, there only appears to be one person, Ms. Pacheco-Velez, that Mr. Santos "manages." Second, it is unclear if there are even five different people who are part of the "organization." Finally, this conspiracy is so inept that it is unlikely that there is even any organized behavior involve at all.

In conclusion, Defendant contents that he should not be scored for any aggravating role but he does concede that a two level enhancement is probably warranted.

## SCORING

If the Court accepts the Defendant's scoring as stated above, the Total Offense Level would become 29 and his Criminal History Category would remain VI. That would translate into a sentencing range of 151-188 months.

## DOWNWARD VARIANCE

As stated above, Defendant continues to rely on the Downward Variance submitted by Mr. Nunzio dated September 11, 2015. Defendant states that he continues to take full advantage of all services and classes offered to him while incarcerated at the Newaygo County Jail. He has burned all his bridges to his criminal past and is determined to be the best Husband/Father/Citizen that he can be upon his release. As a result, he submits that a sentence below 120 months would be sufficient to fulfill this Court's obligations to both protect society and send the appropriate message to others who may want to become involved in similar criminal activity.

Respectfully submitted,

Dated: November 11, 2015

Craig A. Frederick
Craig A Frederick   P32523
Attorney for Defendant, Mr. Santos